## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ERIC TAYLOR, # N-77710, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-377-GPM |
| | ) | |
| DAVID REDNOUR, | ) | |
| MAJOR OLSON, | ) | |
| SGT. ROBINSON, | ) | |
| SGT. MILLER, | ) | |
| SGT. WELBORN, | ) | |
| JIMMY HOLLAND, | ) | |
| UNKNOWN MEDICAL DIRECTOR, | ) | |
| NURSE KATHY,  and | ) | |
| TIM SAPP, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Western Illinois Correctional Center (located in the central judicial district of Illinois), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, presenting claims regarding his treatment while incarcerated at Menard Correctional Center (located in the southern district of Illinois).   Plaintiff claims that prison officials used excessive force against him, and then were deliberately indifferent to his resulting serious medical needs—all in violation of the Eighth Amendment.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint (Doc. 1).  Accepting Plaintiff's allegations as true, and reading the complaint and exhibits as a whole, the Court finds that Plaintiff has articulated a colorable federal cause of action against all named defendants, none of whom can be dismissed at this juncture.

**The Complaint**

On November 17, 2011, C/O Holland, purportedly at the direction of Sgt. Welborn, ordered Plaintiff to cuff-up and proceed to segregation.  C/O Holland and Sgt. Welborn cuffed Plaintiff, threw him to the ground and then dragged Plaintiff, facedown, down the stairs, out the door and to the sally port.  At the sally port, Welborn, Holland and Sgt. Robinson assaulted Plaintiff, leaving him bleeding and bruised, and with a swollen wrist.  Major Olson, despite being told what had happened and seeing Plaintiff bleeding, directed that Plaintiff be taken to the North 2 Segregation Unit, where he was left without medical attention.  Plaintiff also asked Sgt. Miller for medical care, with no result.

Plaintiff subsequently wrote letters and/or grievances to Warden David Rednour, Unknown Medical Director, Nurse Kathy and his counselor, Tim Sapp, explaining his ongoing need for medical care, all to no avail.

As a result of the assault and denial of medical care, Plaintiff has been left with scars; fluids continue to drain from his head; he has difficulty sleeping and suffers from night sweats.

Plaintiff prays for compensatory and punitive damages, as well as injunctive relief.

Based on the allegations in the complaint, and considering the attached exhibits, the Court finds it convenient to divide the *pro se* action into two counts.  Although Plaintiff has generally asserted that all claims are brought against all Defendants, the parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit, but is merely a reflection of the factual allegations.

> **Count 1:  Against Defendants Major Olson, Sgt. Robinson, Sgt. Welborn and C/O Jimmy Holland for using excessive force against Plaintiff, in violation of the Eighth Amendment; and**

**Count 2:    Against Defendants David Rednour, Major Olson, Sgt. Robinson, Sgt. Welborn, Sgt. Miller, C/O Jimmy Holland, Unknown Medical Director, Nurse Kathy and Tim Sapp for being deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment.**

As already indicated, all claims shall proceed.

**Pending Motion**

Plaintiff's motion for appointment (recruitment) of counsel (Doc. 3) shall be referred to United States Magistrate Judge Donald G. Wilkerson for further consideration.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, Counts 1 and 2 shall proceed.

The Clerk of Court shall prepare for Defendants **DAVID REDNOUR, MAJOR OLSON, SGT. ROBINSON, SGT. MILLER, SGT. WELBORN, C/O JIMMY HOLLAND, NURSE KATHY** and **TIM SAPP**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on **UNKNOWN MEDICAL DIRECTOR** until such time as Plaintiff has identified this person by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for this individual.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. §

1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** June 3, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge