IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ERIC TAYLOR,                                )
                                            )
      Plaintiff,                          )
                                            )
      v.                                  )      Case No. 3:13-cv-377-NJR-DGW
                                            )
DAVID REDNOUR, MAJOR OLSON,                 )
SGT. ROBINSON, SGT. WELBORN,                )
JIMMY HOLLAND, UNKNOWN PARTY,               )
NURSE KATHY, and TIM SAPP,                   )
                                            )
      Defendants.                         )

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by

United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal

Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the

Motion to Terminate filed by Defendants Jimmy Holland, Paul Olson, David Rednour, Robert

Robertson, Tim Sapp, Cathy Thompson, and George Welborn on July 14, 2014 (Doc. 61).   For

the reasons set forth below, it is **RECOMMENDED** that the Motion be **GRANTED**, and that the

Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff initiated this action on April 17, 2013 alleging various violations of his

constitutional rights (Doc. 1).   Plaintiff was granted leave, and subsequently filed, an amended

complaint on August 15, 2013 (Doc. 23).   Defendants served Plaintiff with interrogatories and

requests for production of documents related to the issue of exhaustion of administrative remedies

on March 7, 2014 (*See* Doc. 53-1).   Pursuant to Rule 33 and 34, Plaintiff's responses to

Defendants' discovery requests were due on April 7, 2014.   Plaintiff asked the Court for additional time to respond, which the Court granted, extending Plaintiff's response deadline to May 7, 2014 (Doc. 49).   Plaintiff did not respond and, on May 16, 2014, counsel for Defendants contacted Plaintiff, asking for his discovery responses by June 3, 2014 (Doc. 53-2).    On June 12, 2014, Defendants filed a motion asking the Court to issue an order compelling Plaintiff to respond to their discovery requests (Doc. 53).   The Court granted Defendants' Motion to Compel and ordered Plaintiff to provide his responses by July 7, 2014.   Plaintiff was informed that "his failure to respond to Defendants' Request for Production of Documents and Interrogatories will result in the recommendation of dismissal of his lawsuit for failure to prosecute" (Doc. 57).

On July 14, 2014, Defendants filed this Motion to Terminate, indicating that, as of the date of filing, Plaintiff had not yet responded to their written discovery requests.   Defendants ask the Court to dismiss this action given Plaintiff's failure to comply with the Court's Order (Doc. 57) and failure to respond to Defendants' discovery requests.

### CONCLUSIONS OF LAW

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, a court may dismiss an action for failure to prosecute or failure to comply with the rules or an order of the court.   "Dismissal is a very harsh sanction, however, and should be used 'only in extreme situations, when there is a clear record of delay or contumacious conduct'."   *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (quoting *Ladien v. Astrachan*, 128 F.3d 1051, 1056 (7th Cir. 1997)) (other citations omitted).   Dismissal has been deemed to be appropriate by the Seventh Circuit when a plaintiff has committed ongoing discovery violations and failed to adhere to court-ordered discovery deadlines.   *See Salata v. Weyerhaeuser Co.*, 757 F.3d 695 (7th Cir. 2014); *see also Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175 (7th Cir. 1987).

In this case, Plaintiff failed to timely respond to Defendants' discovery requests, despite being granted an extension of time to do so.   After the extended deadline for Plaintiff to submit his responses had passed, Defendants' counsel reached out to Plaintiff in an attempt to obtain his responses without Court intervention.   Counsel's efforts were to no avail, and Defendants were forced to bring a Motion to Compel.   At the time the Court considered Defendants' Motion to Compel, Plaintiff's responses were approximately six weeks overdue.   However, the Court gave Plaintiff another two weeks, until July 7, 2014, to respond to Defendants' requests.   When Plaintiff failed to comply with the Court's Order, Defendants filed the Motion to Terminate now under consideration.   Plaintiff did not respond to either the Motion to Compel or the Motion to Terminate filed by Defendants.   In fact, Plaintiff has not made any filings in this case since April, 4, 2014.

At this time, there is no indication that Plaintiff has responded to Defendants' discovery requests, although he has had ample time and opportunity to do so.   Further, the Court notes that Plaintiff's failure to respond to Defendants' discovery requests, which pertain to the issue of exhaustion, has impeded the schedule in this case, and prevented Defendants from gathering information on, and filing any motions related to, Plaintiff's exhaustion of administrative remedies, a threshold issue in this lawsuit.   The actions, or rather, inaction, of Plaintiff with respect to discovery in this matter, signifies contumacious conduct that has clearly resulted in significant delay in litigating this case.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion to Terminate filed by Defendants Jimmy Holland, Paul Olson, David Rednour, Robert Robertson, Tim Sapp, Cathy Thompson, and George Welborn on July 14, 2014 (Doc. 61) be **GRANTED**, that this matter be

**DISMISSED WITH PREJUDICE**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: November 12, 2014**

**DONALD G. WILKERSON**
**United States Magistrate Judge**