IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV-0377-NJR-DGW |
| | ) |
| DAVID REDNOUR, MAJOR OLSON, | ) |
| SGT. ROBINSON, SGT. WELBORN, | ) |
| JIMMY HOLLAND, UNKNOWN PARTY, | ) |
| NURSE KATHY, AND TIM SAPP, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 66), which recommends that the Motion to Terminate filed by Defendants Jimmy Holland, Paul Olson, David Rednour, Robert Robertson, Tim Sapp, Cathy Thompson, and George Welborn on July 14, 2014 (Doc. 61) be granted and the case be dismissed with prejudice.

On April 17, 2013, Plaintiff filed a *pro se* Complaint alleging various violations of his constitutional rights. Specifically, Plaintiff claimed that prison officials used excessive force against him and then were deliberately indifferent to his resulting serious medical needs in violation of the Eighth Amendment. Judge G. Patrick Murphy conducted a threshold review of the case on April 5, 2013 (Doc. 8). Both claims survived threshold review. On August 15, 2013, Plaintiff filed an Amended Complaint (Doc. 23). The case was

subsequently reassigned to Judge Michael J. Reagan (Doc. 41).

Defendants served Plaintiff with interrogatories and requests for production of documents related to the issue of exhaustion of administrative remedies on March 7, 2014 (*See* Doc. 53-1). Pursuant to Rule 33 and 34, Plaintiff's responses to Defendants' discovery requests were due on April 7, 2014. Plaintiff asked the Court for additional time to respond, which the Court granted and extended Plaintiff's response deadline to May 7, 2014 (Doc. 49). Plaintiff did not respond. On May 16, 2014, counsel for Defendants contacted Plaintiff asking for his discovery responses by June 3, 2014 (Doc. 53-2). On May 20, 2014, the case was reassigned to the undersigned District Judge (Doc. 50). On June 12, 2014, Defendants filed a motion asking the Court to issue an order compelling Plaintiff to respond to Defendants' discovery requests (Doc. 53). On June 20, 2014, Magistrate Judge Wilkerson granted Defendants' Motion to Compel and ordered Plaintiff to provide his responses by July 7, 2014 (*See* Doc. 57). Plaintiff was informed by Magistrate Judge Wilkerson that "his failure to respond to Defendants' Request for Production of Documents and Interrogatories will result in the recommendation of dismissal of his lawsuit for failure to prosecute." (Doc. 57).

On July 14, 2014, Defendants filed a Motion to Terminate (Doc. 61), indicating that, as of the date of filing, Plaintiff had not yet responded to their written discovery requests. Defendants ask the Court to dismiss this action given Plaintiff's failure to comply with the Court's Order at Doc. 57 and Plaintiff's failure to respond to Defendants' discovery requests.

On November 12, 2014, Magistrate Judge Wilkerson entered a Report and

Recommendation (Doc. 66). The Report recommends granting Defendants' Motion to Terminate (Doc. 61) because Plaintiff has failed to timely respond to Defendants' discovery requests, despite being granted extensions of time to do so. The last order by the Court included a warning that Plaintiff's failure to participate in discovery would warrant a dismissal of his case for failure to prosecute. Plaintiff failed to respond to both the Motion to Compel and the Motion to Terminate filed by Defendants.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). While a *de novo* review is not required here, the Court has considered the record and fully agrees with the findings and conclusions of Magistrate Judge Wilkerson. The record indicates that Plaintiff has not participated in the litigation of his case since April 4, 2014, and

thus the undersigned District Judge agrees that dismissal with prejudice is warranted. Further, the undersigned District Judge agrees with Magistrate Judge Wilkerson's assessment that Plaintiff's inaction signifies contumacious conduct that has resulted in significant delay in litigating this case. Specifically, Plaintiff's failure to respond to discovery requests (which pertain to the issue of exhaustion) has impeded the schedule in this case and prevented Defendants from gathering information on Plaintiff's exhaustion of administrative remedies, which is a threshold issue in this lawsuit.

Pursuant to Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to prosecute or failure to comply with the rules or an order of the court. Given the nature and volume of Plaintiff's discovery violations, along with the warning of dismissal that was issued by Magistrate Judge Wilkerson, the Court finds that dismissal with prejudice is proper here.

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 66) and **GRANTS** Defendants' Motion to Terminate filed July 14, 2014 (Doc. 61). The case is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to close the case on the Court's docket.

**IT IS SO ORDERED.**

DATED: December 24, 2014

s/ Nancy J. Rosenstengel_____  
**NANCY J. ROSENSTENGEL**  
**United States District Judge**